The PRESIDENT
delivered the opinion of the court.
A bill, to retain, and to set off a debt against rents due, has an unfavourable appearance. If creditors, purchasing from the executors, or, as in this case, renting an estate from them, shall be permitted to bring forth their claims against the testator, in discount, they might thereby gain an improper advantage over other creditors. The executors, might be involved in the trouble of accounting for the assets on every purchase, and in case of mistakes, might subject themselves to a devastavit.
The objection, has additional weight in this case, where the. plaintiffs were not original creditors, but purchased up the debt for the purpose of a discount; or if in fact, they are not the real owners of the debt, a point not clear,) they are endeavoring to gain a preference for another, by taking an assignment in trust, whilst they complain that the executors are preferring favorite creditors.
The appellants, aware of these objections charge, that the executors were assured, and had acknowledged that the estate would be sufficient to pay all the debts, in which case, no objection could be made to the reasonableness of the discount. But this being denied by the answer, that foundation fails, and the injunction should be dissolved.
But another question occurs, and that is, whether the bill cannot be sustained as an original one, for a discovery of assets?
*lst, A creditor may at law, either sue out execution upon a jdugment obtained against the executors, and levy it on the visible property of the testator, if any, — or, if none to be found, 2dly he may proceed against the executors, as for a devastavit, on account of a misapplication of assets, or for that, which amounts to an admission of assets. Or 3dly,- a creditor-may not know the state of the assets, the amount, nor the claims against the estate. He may therefore file his bill in equity, to have a discovery of those matters, and on that discovery being made, may either proceed at law, or that court may retain the cause, and determine disputes between the parties.
Now, although at law, the judgment in question would be considered as amounting to an admission «of assets, so, as to charge the executors, and a Court of Equity, would not interfere, to relieve against the consequence of that judgment, yet it would not by an original decree, charge an executor on that ground.
The 'bill in this case appears to be for a discover}'. After charging, that the profits of the Battersea estate are assets, which would make the estate fully solvent, it calls upon the executors, to set forth the amount of the assets, and of the debts due from the estate; prays to be allowed to retain for this judgment, against the rent, and for general relief. The executors, answer very properly as to the Battersea estate, insisting, that the profits are not assets, but are made (by the will,) a fund for the education and maintainance of the three younger sons, who are entitled to the proceeds of the estate when sold.
But as to the discovery sought for, the answer is not so proper. The executors speak of sales, but do not specify the amount; they sajr, they have paid all that has come to their hands, in discharge of debts of superior dignity to the plaintiffs, without stating the amount, or even the names of the creditors, and the nature of the debts: thus, taking upon themselves, to judge of the dignity, and preference to which they were entitled, and thereby precluding, not only the court, from deciding upon those points, but the plaintiffs, from *463 contesting- that preference, by making those creditors parties. They say further, that there are claims against the estate, for several thousand pounds more than the testator thought he owed, the accounts respecting which, are not liquidated. They cannot ascertain the amount, or dignity of the debts due from the testator, but are confident, they will exceed the sums yet due for sales, as well as the separate debts; but of these, they give *no account. “They add, that if the residue beyond assets, be subject to debts, as much is due by specialties, and judgments entitled to a preference, as the present and ensuing years rents will discharge. ” The answer was filed in October 1791, so that it speaks of the two first years rents only, and there are consequently, three years, which may be clear of those superior demands. It does not appear (as the appellant’s counsel contended,) that debts of inferior dignity had been paid.
Upon this view of the case, three questions arise. 1st, Whether the plaintiffs had a right to retain, or to set off. 2dly, Whether the answer is so satisfactory, as to entitle the executors to a dismission of the bill? and 3dly, whether the profits, are in part, or in the whole, assets, under the will.
The first question, is clear against the appellants, and therefore the injunction ought not to have continued.
The second question, has been shewn to be against the executors, and therefore, the bill should not have been dismissed, but a decree for a settlement of the executors accounts, should have been made.
The third question is a difficult one, yet we should have decided it, if there had been a full court. Upon a settlement of the accounts, the decision may be unnecessary.
The decree must be reversed with costs, and the injunction dissolved. An account is to be taken of the outstanding debts due to the testator at the time of his death, what have been collected since, and the balances yet due, distinguishing in the latter, such as are separate, from such as are supposed to be desperate. An account is also to be taken of the sales of all the estate, real and personal, stating when sold, and the profits made from each tract of land, and of the slaves, until the sale thereof, and what hath been received, or is yet due of the amount of such sales. Also an account of any estate real or personal remaining unsold, and the profits thereof, (the Battersea estate excepted) also an account of administration as far as the executors have gone, shewing the application of what money hath come to their hands; also a state of liquidated debts yet due from the testator, with their dignity, and of the nature of such claims as are unliquidated; and also an account of the profits of the Battersea estate, distinguishing those of the mills, and tradesmen from each other and from those of the plantation. When these accounts are returned to the High Court of Chancery, it is to be decided, if necessary, whether the profits of the Battersea estate, beyond the widow’s dower be subject in the whole, or in part to satisfy the demands of the appellants.

The principal case is cited in Nicolson v. Hancock, 4 Hen. & M. 499, 500.